UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY MINOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-00444-SEB-MJD |
| | ) |
| CAROLYN COLVIN Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Jeffrey Minor ("Minor") requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (SSA). *See* 42 U.S.C. §§ 416(i), 1382c(a)(3). For the reasons set forth below, the Magistrate Judge recommends that the District Judge **AFFIRM** the decision of the Commissioner.

**I. Background**

Minor filed his application for SSI on October 7, 2010, alleging an onset of disability on January 1, 1993. [R. at 258.] In his application, Minor alleged that he is disabled because of depression, anxiety, mental and psychotic disorders, and degenerative disc disease.[1] [R. at 308.] The Social Security Administration ("SSA") denied Minor's claim initially on February 8, 2011 and upon reconsideration on April 28, 2011. [R. at 28.] Minor timely requested a hearing, which was held before Administrative Law Judge John H. Metz ("ALJ") on September 24, 2012.

---

[1] Minor recited the relevant factual and medical background in more detail in his opening brief. [*See* Dkt. 15.] The Commissioner, unless otherwise noted herein, does not dispute these facts. [*See* Dkt. 16.] Because these facts involve Minor's confidential and otherwise sensitive medical information, the Court will incorporate by reference the factual background in the parties' briefs but will articulate specific facts as needed below.

Also present were Minor's attorney, Michael G. Myers, medical experts Lee Fisher, M.D. and Jack Thomas, Ph.D., and vocational expert Constance Brown, C.R.C. [*Id.*] The ALJ's October 3, 2012 decision again denied Minor's application for SSI. [R. at 39.] On January 14, 2014, the Appeals Council denied Minor's request for review, thereby rendering the ALJ's October 3rd decision final. [R. at 25.] Minor timely filed his Complaint with this Court on March 20, 2014, which Complaint is now before the Court.

## II. Legal Standard

To be eligible for SSI, a claimant must be disabled, as defined by 42 U.S.C. § 416.[2] Therein, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 416(i). In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the Commissioner determines that the claimant's impairment meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and he is able to perform his past relevant work, he is not disabled; and (5) if the claimant can perform certain other available work, he is not disabled. 20 C.F.R. § 416.920. Before proceeding

---

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for Disability Insurance Benefits and Supplemental Security Income claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

to step four, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the claimant's functional limitations and assessing the claimant's remaining capacities for work-related activities. S.S.R. 96-8p.

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by the court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F. 3d 1171, 1176 (7th Cir. 2001). The standard of substantial evidence is measured by whether "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000) (quoting *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995)). The court may not reweigh the evidence or substitute its judgment for that of the ALJ, but may only determine whether or not substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted," *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993), but the ALJ must consider "all the relevant evidence," *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; he must "build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

### III. The ALJ's Decision

Applying the five-step analysis, the ALJ found at step one that Minor has not engaged in substantial gainful activity since January 1, 1993, the alleged onset date. [R. at 30.] At step two, the ALJ found that Minor has the following "severe" impairments: "depression, anxiety, antisocial personality disorder with paranoid and narcissistic personality disorder features, degenerative disc disease of the lumbar spine, hypertension, and hyperlipidemia." [*Id.*] At step three, the ALJ concluded that Minor does not have an impairment or combination of

3

impairments that meets or medically equals a Listed Impairment. [R. at 31.] In relevant part, the ALJ relied on medical evidence of record and testimony from Dr. Fisher, M.D., a board certified physician, in evaluating Minor's back condition. [*Id.*] Ultimately, the ALJ found that "the objective . . . findings do not demonstrate nerve root impingement and/or compromise of the spinal cord" and concluded that Minor's condition does not meet or medically equal Listing 1.04 for disorders of the spine. [*Id.*]

The ALJ then proceeded to assess Minor's residual functional capacity (RFC) and concluded that Minor can sit and stand up to two hours at a time during an eight hour work day and is capable of performing light exertional work. [R. at 38.] The ALJ found at step four that the RFC does not allow Minor to perform his past relevant work because all of his past jobs exceed light exertional work and are semi-skilled. [*Id.*] However, at step five, the ALJ determined that a person with Minor's age, education, work experience, and RFC could perform work as a housekeeper, an office machine operator, or a mail clerk. [R. at 39.] Because these jobs exist in significant numbers in the State of Indiana, the ALJ concluded that Minor is not disabled pursuant to the Social Security Act. [*Id.*]

### IV.  Discussion

Although the ALJ found Minor to have several severe impairments, Minor contends only that the ALJ's decision should be reversed and remanded because "the ALJ improperly discredit[ed] the opinion of Mr. Minor's treating physician [Dr. Justus]." Specifically, Minor asserts that: (1) the ALJ failed to give Dr. Justus's opinion controlling weight and (2) the ALJ improperly gave more weight to the opinions of non-examining medical experts and State agency reviewers over those of Dr. Sova, the consultative examiner, and Dr. Justus. [Dkt. 15 at 15.]

4

In determining whether a claimant is disabled, the ALJ must evaluate every medical opinion he receives. 20 C.F.R. § 416.927(b). Medical opinions are therein defined as "statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R § 416.927(a)(2).

### A. Controlling Weight

An ALJ must give controlling weight to a treating source's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." 20 C.F.R § 416.927(c)(2). However, some statements, such as "claimant is unable to work," or "claimant is disabled," are not medical opinions, even when made by a medical source. 20 C.F.R § 416.927(d)(1). Such statements are not given any special significance by the ALJ because they are administrative findings dispositive to a case, which findings are reserved to the Commissioner. 20 C.F.R § 416.927(d). Indeed, a claimant "is not entitled to disability benefits simply because her physician states that she is 'disabled.'" *Gildon v. Astrue*, 260 F. App'x 927, 929 (7th Cir. 2008).

In *Gildon*, for example, the Seventh Circuit affirmed the decision in which the ALJ disregarded the treating physician's statement that the claimant "continues to be totally disabled at this time" because the statement was not a medical opinion but a conclusion on an issue that is reserved to the Commissioner. *Id*. Therefore, when such a conclusion is not further illustrated by conditions, symptoms, or other evidence of record, it is appropriate for the ALJ to disregard the conclusion. *Id*. *See also Moolla v. Comm'r of Soc. Sec.* No. 13-CV-347-JPS, 2014 WL 241306, at *4 (E.D. Wis. Jan. 22, 2014) (no error in the assignment of "little weight" to a treating physician's statement that claimant "will not be able to return to work"); *Taylor v. Comm'r of*

5

*Soc. Sec.*, No. 3:12-CV-228, 2013 WL 5436929, at *5 (N.D. Ind. Sept. 26, 2013) (affirming the decision of an ALJ rejecting the treating physician's statement that the claimant "could not work" because the statement was "not to be considered a medical opinion at all").

In this matter, Minor asserts that the ALJ should have given controlling weight to Dr. Justus's opinion that "Mr. Minor is currently unable to work." [Dkt. 15 at 16.] However, as established in *Gildon* and interpreted in *Taylor* and *Moolla*, such a statement is not a medical opinion but is an administrative finding that is dispositive of this case and thus reserved to the Commissioner. Accordingly, the ALJ's decision to give no weight to Dr. Justus's "cursory" opinion was appropriate and does not constitute an error of law.

**B. Greater Weight**

Minor also argues that the ALJ improperly gave more weight to the opinions of non-examining medical experts and State agency reviewers over those opinions of Dr. Justus and Dr. Sova, the consultative examiner. Specifically, Minor asserts that it was improper to afford no weight to Dr. Justus's opinion that Minor is unable to work and to Dr. Sova's opinion that Minor can only sit, stand, and walk for fifteen minutes at a time each during an eight hour workday. [Dkt. 15 at 16.] Because the Court has already affirmed the ALJ's decision to give no weight to Dr. Justus's statement on the basis that it is not a medical opinion, *see* section III.A of this Order, the Court need only address Minor's argument with regard to Dr. Sova.

A non-treating source is "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. The regulations specifically state that the term "nontreating source" includes "an acceptable medical source who is a consultative examiner" for the Social Security Administration. *Id.* While a treating source's opinion is entitled to controlling weight,

an ALJ is not required to assign controlling weight to a non-treating source. *White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005). Rather, the ALJ will evaluate a non-treating source's opinion and afford it certain weight in light of certain factors. *See* 20 C.F.R. § 416.927(c); *Simila v. Astrue*, 573 F.3d 503, 514 (7th Cir. 2009). These factors include how well the non-treating physician supported and explained his opinion, whether his opinion is consistent with the record as a whole, whether he is a specialist in the field of the claimant's impairments, and any other relevant factors of which the ALJ is aware. 20 C.F.R. § 416.927(c).

In *Simila*, a non-treating physician had found that the claimant has "marked restrictions of daily living activities." 573 F.3d at 515. However, the ALJ concluded that this finding "lacked consistency and supportability" in part because the claimant himself testified that he regularly took his children to school, often made dinner for his family, went hunting and fishing with friends, and attended his son's hockey games. *Id.* Additionally, the ALJ in *Simila* noted that the physician "appeared to base his conclusions concerning [the claimant's] functional limitations on [the claimant's] subjective complaints." *Id.* The Seventh Circuit therefore affirmed the ALJ's decision because the ALJ clearly considered two of the requisite factors listed in section 4.16.927(c), supportability and consistency. *Id.*

Here, Minor argues that the ALJ improperly gave less weight to the opinions of Dr. Sova, the consultative examiner, and Dr. Justus, the treating physician. [Dkt. 15 at 15.] As a non-treating source, Dr. Sova's opinion that Minor can only sit, stand, and walk for fifteen minutes at a time each during an eight hour workday must be considered by the ALJ under the factors listed in section 927(c). In his decision, the ALJ declined to give Dr. Sova's opinion any weight because the significant limitations Dr. Sova placed on Minor's ability to sit and stand were "simply not consistent with the clinical findings of his own examination" and had no objective

7

support in the record. [R. at 37.] Specifically, the ALJ noted that Dr. Sova's own clinical findings were "unremarkable" aside from noting Minor's slow and deliberate gait and a slightly reduced range of motion in Minor's knees and hips. [R. at 37.] The ALJ also found that Dr. Sova's conclusions were inconsistent with the previous day's notation by psychological consultative examiner Dr. Henry, who indicated that Minor sat comfortably for one and one-half hours without complaint. [R. at 37.] Additionally, the ALJ observed that Dr. Sova "simply incorporated the claimant's subjective complaints as his true limitations." [*Id.*]

These observations and explanations made by the ALJ in his decision clearly evidence that the ALJ considered the factors of supportability and consistency in concluding that Dr. Sova's opinion should be given no weight. The Seventh Circuit in *Simila* found that the ALJ's discussion of the same two factors is sufficient for a court to affirm the ALJ's decision to discredit a non-treating source's opinion. Accordingly, the ALJ did not commit reversible error in affording no weight to Dr. Sova's opinion regarding Minor's physical functional limitations.

## V. Conclusion

For the aforementioned reasons, the ALJ did not err in determining that Minor is not disabled, pursuant to the Social Security Act, and the Commissioner's decision should therefore be **AFFIRMED**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 04/20/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

8

Distribution:

Michael G. Myers
mgmyers10@sbcglobal.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov